IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN LEE MILLER, #646559, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1838-L |
| | § | |
| THE WAY BACK HOUSE, et al., | § | |
| | § | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights case brought by Plaintiff Edwin Lee Miller ("Plaintiff" or "Miller"), an inmate in the Connally Unit of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID") in Kenedy, Texas. Plaintiff is currently incarcerated following arrest by the Fort Worth Police Department on a parole warrant, after he violated the terms of his mandatory supervision/parole at Way Back House ("WBH"), a halfway house in Dallas, Texas, by leaving without permission.[1] Defendants are WBH, and WBH personnel Al Richard, Angie White and Percy Wilson. Plaintiff alleges that while at WBH, Defendants were deliberately indifferent to his mental condition and his need for a referral to the Texas Department of Mental Health and Mental Retardation ("MHMR"). Plaintiff contends that because of his mental condition and Defendants' refusal to refer him to MHMR, he left the WBH without permission, was arrested on a parole warrant, and his parole was revoked. Plaintiff also contends that Defendants' refusal to refer him to MHMR violated the Americans with Disabilities Act ("ADA").

---

[1] Plaintiff was released on parole from TDCJ-CID to WBH on or about September 11, 2003 after being incarcerated following a conviction for delivery of a controlled substance, for which he received a fifteen-year sentence on June 11, 1993. He left WBH without permission on or about January 9, 2004.

**Memorandum Opinion and Order – Page 1**

Pursuant to 28 U.S.C. § 636(b), this action was referred to the United States Magistrate Judge for proposed findings and recommendation. On February 1, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. Miller filed Plaintiff's Written Objection to the Magistrate's Findings and Recommendations to Dismiss Under "Heck" for Failure to Exhaust Administrative Remedies on March 17, 2006. Plaintiff also filed a Motion for Leave to File an Amended [Objection] to the Magistrate's Recommendation as Under Fed. R. Civ. P. Rule 16 and Fed. R. Civ. P. Rule 15(b) on March 23, 2006. The court will refer to the March 17, 2006 objections and the March 23 motion for leave to file objections as "Plaintiff's Objections."[2]

## I. Discussion

### A. The Magistrate Judge's Report

The magistrate judge determined that Plaintiff's § 1983 and ADA claims implicate the validity of his revocation proceeding for which he is presently incarcerated. The magistrate judge further determined that Plaintiff is precluded from maintaining this action under § 1983, as no court has ever determined that the revocation of Plaintiff's parole was invalid. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). The magistrate judge recommended that Plaintiff's complaint be dismissed without prejudice to Plaintiff refiling the case if Plaintiff's parole revocation is expunged, reversed or otherwise set aside. The magistrate judge also determined that, alternatively, Plaintiff's complaint should be dismissed for his failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a), as

---

[2]The court hereby **directs** the clerk of court to file Plaintiff's Amended Objection to the Magistrate's Finding and Recommendation to Dismiss, Under Fed. R. Civ. P. Rule 16 and Fed. R. Civ. P. Rule 15(b), received by the court on March 23, 2006.

**Memorandum Opinion and Order – Page 2**

amended in 1996 by the Prisoner Litigation Reform Act ("PLRA"). Finally, the magistrate judge recommended that the court deny as moot Plaintiff's Motion to Appoint Counsel and for Production of Documents (Docket # 4, 6, 7, 8, 9 and 14).

### B. Plaintiff's Objections

In his Objections, Plaintiff appears to be contending that *Heck*'s requirements should not apply in this instance because at the time WBH allegedly deprived him of medical care and discriminated against him in violation of the ADA, he was a "releasee" and not a prisoner. He also appears to be contending that since a ruling in his favor in this § 1983/ADA case would not have any impact on his original 1993 sentence, *Heck* is inapplicable. With regard to the magistrate judge's finding and recommendation that Plaintiff's complaint should be dismissed for his failure to exhaust his administrative remedies, Plaintiff seems to be arguing that he is not subject to the exhaustion requirements since at the time he claims his constitutional rights were violated, he was not a prisoner, but a "releasee," which he contends makes him akin to an "ordinary plaintiff," with no exhaustion requirement. Plaintiff's objections are overruled.

### C. Analysis

Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. In this instance, as the magistrate judge noted, the crux of Plaintiff's complaint is that had he been given adequate medical care at WBH, the outcome (namely, his arrest for parole violations and subsequent parole

**Memorandum Opinion and Order – Page 3**

revocation) would have been different. As the magistrate judge correctly found, a ruling granting Plaintiff the relief which he seeks would necessarily implicate the validity of his parole revocation and inevitably affect the duration of his confinement. Therefore, under *Heck* Plaintiff must demonstrate that his parole revocation has been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Finally, that Plaintiff's § 1983/ADA complaint implicates a parole revocation, and not his initial sentence in 1993 is without legal significance. *See generally Littles v. Board of Pardons & Paroles Div.*, 68 F.3d at 123 (extending *Heck* to proceedings that call into question the fact or duration of parole); *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 (5th Cir. 1995). In short, absent a showing that the confinement resulting from the parole revocation proceeding has been invalidated by a state or federal court, Plaintiff's § 1983/ADA complaint is dismissed under *Heck*.[3]

With regard to Plaintiff's objections to the magistrate judge's finding and recommendation that Plaintiff's complaint should be dismissed for his failure to exhaust his administrative remedies, the court **overrules** Plaintiff's objections, as the exhaustion requirements apply to him. *See Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004) (claim of a constitutional violation brought by a plaintiff in a halfway house in lieu of imprisonment following his parole revocation relates to his "conditions of confinement" and is thus a claim "with respect to prison conditions" for purposes of § 1997e(a)). Plaintiff's attempts to distinguish *Witzke* are unavailing.

Finally, the magistrate judge has recommended that both Plaintiff's Motion to Appoint Counsel and for Production of Documents (Docket # 4, 6, 7, 8, 9 and 14) be denied as moot. With regard to Plaintiff's Motion for Production of Documents, the court accepts the magistrate judge's

---

[3]The court notes that on December 2, 2005 Plaintiff filed a federal habeas action challenging the validity of his parole revocation. *See Miller v. Dretke*, 3:05-CV-2379 (N.D. Tex., Dallas. Div.).

**Memorandum Opinion and Order – Page 4**

recommendation. In granting Plaintiff's Motion to Proceed In Forma Pauperis, the court as a matter of course stays all discovery until defendants are ordered to answer by the court. *See* Filing Fee Order ¶ 6 (Sept. 29, 2005). As the court herein determines that Plaintiff's claims should be dismissed at the initial stage, the court accepts the magistrate judge's recommendation that Plaintiff's Motion for Production of Documents be denied as moot.

As to Plaintiff's Motion to Appoint Counsel, however, the court determines that, in addition to being denied as moot, it should be denied on the merits. A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances. *Ulmer*, 691 F.2d at 212.[4] In the instant case, Plaintiff has not shown that his case presents any exceptional circumstances warranting the appointment of counsel.

## II.  Conclusion

Having reviewed the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Plaintiff's objections thereto, in accordance with the foregoing, the court determines that the findings of the magistrate judge are correct and **accepts** them as those of the court, except insofar as the magistrate judge recommends that dismissal based on *Heck* be

---

[4] In determining whether a case presents exceptional circumstances, the court may consider the following factors: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213.

**Memorandum Opinion and Order – Page 5**

"without prejudice,"[5] and insofar as he recommends that Plaintiff's Motion for Appointment of Counsel be denied solely based on mootness. Plaintiff's Objections are **overruled**. Accordingly, Plaintiff's complaint is **dismissed with prejudice** to its being reasserted until the conditions of *Heck v. Humphrey* are met, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as it is frivolous. Alternatively, Plaintiff's claims are **dismissed without prejudice** for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Further, Plaintiff's Motion to Appoint Counsel is **denied on the merits** and, alternatively, **denied as moot**, and Plaintiff's Motion for Production of Documents is **denied as moot**. Finally, Plaintiff's Motion for Leave to File an Amended [Objection] to the Magistrate's Recommendation as Under Fed. R. Civ. P. Rule 16 and Fed. R. Civ. P. Rule 15(b), filed March 23, 2006, is **granted** and the court **directs** the clerk of court to file Plaintiff's Amended Objection to the Magistrate's Finding and Recommendation to Dismiss, Under Fed. R. Civ. P. Rule 16 and Fed. R. Civ. P. Rule 15(b), received by the court on March 23, 2006. Final judgment will issue by separate document.

**It is so ordered** this 31st day of March, 2006.

Sam A. Lindsay
United States District Judge

---

[5]*See generally Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (dismissal under *Heck* should read, "Plaintiff's claims are dismissed *with* prejudice to their being reasserted again until the *Heck* conditions are met.") (emphasis added).

**Memorandum Opinion and Order – Page 6**